## DI FULCO v. SHARFSTEIN et al.

### No. 17455.

Court of Appeal of Louisiana. Orleans.

Jan. 13, 1941.

Eraste Vidrine and James G. Schillin, both of New Orleans, for appellants.

R. E. Baird, of New Orleans, for appellee.

JANVIER, Judge.

On August 23, 1939, at about six o'clock p. m., Jerome Di Fulco, then about eighteen years of age, sustained physical injuries when the motor "bike" which he was riding came into contact with an automobile owned and driven by Mrs. Raie J. Sharfstein. The scene of the accident was Soniat Street, between Coliseum and Chestnut Streets. The motor "bike" was being ridden towards the Mississippi River and the automobile was going in the opposite direction.

On behalf of the injured boy, his father, Lucas Di Fulco, has brought this suit, claiming, for personal injuries, $43, for loss of earnings resulting from inability to work for four weeks, $72. On his own behalf Lucas Di Fulco seeks recovery of $185 representing the damage alleged to have been sustained by the motor "bike".

The defendants are Mrs. Sharfstein and her liability insurance carrier, Standard Accident Insurance Company.

It is alleged that, as young Di Fulco rode his motor "bike" along Soniat Street in the direction of the Mississippi River, where he was proceeding close to the right-hand, or upper curb of the street, Mrs. Sharfstein's car was driven by her from its parked position along the same upper curb, just as the boy turned slightly to his left to go around the automobile, which had been parked at the curb and which was driven out suddenly and without notice to him. Defendants deny that the automobile had been stopped alongside the upper curb, averring that, on the contrary, it had been standing alongside the downtown curb and had been started by Mrs. Sharfstein, who maintained a direction parallel to the lower curb and kept the car close to that side of the street as the bicycle approached. Defendants also aver that the boy swerved, or "zig-zagged" his bicycle from one side of the street to the other to such an extent that Mrs. Sharfstein could not determine the side on which he intended to pass. Defendants maintain that, therefore, Mrs. Sharfstein brought her car to a complete stop in the center of the street, but that, notwithstanding this, the boy continued on his irregular course and finally struck the stationary car and fell to the ground. Defendants also deny that the boy sustained any serious injuries.

In the court below there was solidary judgment against both defendants for Lucas Di Fulco, on behalf of his minor son, for $40 for his personal injuries and for $54 for his loss of earnings, and in favor of Lucas Di Fulco individually for $15 for damages to the bicycle. Both defendants have appealed.

The record shows that Mrs. Sharfstein had entered Soniat Street at Chestnut

Street and had stopped in order that she might be joined by her two aunts, who were waiting for her at their residence on the upper side of Soniat Street. With Mrs. Sharfstein in the car were her mother and her very young baby. Whether she stopped at the upper curb, in front of that house, or across the street, by the lower curb, is one of the much disputed questions of fact. The two aunts entered the car and Mrs. Sharfstein drove it out into the street and, as she did so, young Di Fulco was approaching from the other direction, he having entered Soniat Street from Prytania Street, going towards the Mississippi River. Some sixty or seventy feet back of young Di Fulco was another young man, John Meunier, age 17, who was on a bicycle and who, though he did not know young Di Fulco, was following him.

There is, as we have said, a sharp dispute concerning whether the automobile of Mrs. Sharfstein had stopped at the right-hand or lower curb, or at the left-hand or upper curb, in front of the house from which her two aunts emerged. Defendants' witnesses all state that the car had stopped on the lower curb and plaintiff's witnesses, who saw the car—particularly young Di Fulco and the other boy—are both positive that it had stopped on the upper, or left-hand curb.

It would be rather unusual in the uptown section of the city, where there is not a great deal of traffic, for the driver of a car, intending to pick up two ladies on the upper side of the street, to stop along the lower side and to require the two ladies to walk across the street and get into the car, and we have no doubt that this, together with the testimony of the plaintiff's witnesses, convinced the trial court that, as a matter of fact, Mrs. Sharfstein had not stopped on the lower side, but had stopped on the upper side, with the left side of her car toward the curb.

■ When the accident occurred, young Di Fulco was knocked to the ground rather near to the upper curb, and this, we think, indicates that he must have been on the proper side of the street at least at the time of the accident. It is very difficult indeed to determine from the record, as we read it, just what is the correct version of the accident, but certainly there is nothing obviously erroneous in the conclusion of the trial court that the accident occurred as plaintiff contends that it did.

Therefore, in view of the finding of the trial court, we have concluded that the judgment should not be reversed.

Defendants vehemently protest that the amount awarded is excessive and they say in their brief that $109 is too great an allowance for "an insignificant brush burn on the inner aspect of his right thigh".

■ But it appears that for this injury young Di Fulco was awarded only $40, and we think that, even for so slight an injury, this amount is not excessive. The doctor who treated him says that "he had a contusion of the thigh following an accident * * *" and that "it involved the entire thigh on the right side, the inner aspect of the thigh".

For the loss of wages resulting from disability, the trial court allowed an additional $54, and, while this amount seems a little more than would ordinarily be justified by such injuries, the only evidence on the subject shows that young Di Fulco could not return to work for about a month. His doctor says "I told him to keep off it as long as it was sore because he had to ride his motorcycle * * *, it might be three weeks or four weeks or maybe longer * * *". When asked when Di Fulco was finally able to go back to work, the doctor said: "I think it was about a month, about three or four weeks".

■ The other amount allowed, $15, was for damage to the bicycle, and, though there is considerable dispute as to whether the bicycle was rendered totally unfit for use, it does appear that this amount is justified by the evidence.

Counsel for defendant make much over the fact that young Di Fulco did not remember whether he had gone to the hospital at all and there is produced in the record a hospital report showing that he did so. Counsel argue that young Di Fulco's failure to recollect that particular hospital visit resulted from the fact that the injury was very slight. Young Di Fulco's explanation is that he did not remember going to the hospital because he received practically no treatment there and because he had been to the hospital on several other occasions about that time and did not remember that, on this particular occasion, he had gone.

We attach no significance to this dispute concerning the reason for Di Fulco's stating that he did not remember going to the hospital since the record shows con-

clusively that he did receive hospital treatment where an examination disclosed injuries similar to those treated by Di Fulco's physician.

The amount awarded is not excessive. Accordingly,

It is ordered, adjudged and decreed, that the judgment appealed from be, and it is, affirmed.

Affirmed.